Dear Superintendent Pastorek:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. You have requested an opinion of this office concerning whether tenure may be granted to employees of the Special School District ("SSD") and Board Special Schools ("BSS") who are not required to hold a teacher's certificate. It is the opinion of this office that employees of SSD and BSS who are not required to hold a teacher's certificate may not be granted tenure.
Tenure for teachers in the SSD and BSS is provided for in La.R.S.17:45(A). "As used in this Subpart, the word `teacher' means any certified employee in a special school who holds a teacher's certificate and whose legal employment requires certification under the regulations of the board or of any certification authority." La.R.S. 17:45(A). Additionally, in La.R.S. 17:45, the Louisiana Legislature set forth the procedures for those persons qualifying as teachers to obtain tenure. In your opinion request you stated that the SSD and BSS employ school psychologists, social workers, speech therapists, and nurses. You further stated that school psychologists, social workers, speech therapists, and nurses are not required to hold a teacher's certificate. In the past, some school psychologists, social workers, speech therapists and nurses had entered into contracts which provided for tenure benefits. These contracts have expired and have not been renewed.
You specifically asked whether an employee, who is not required to hold a teacher's certificate and who does not hold a teacher's certificate is entitled to tenure. An employee who holds a position in the SSD or BSS who does not have a teacher's certificate and who is not required to have a teacher's certificate may not be granted tenure because the employee does not fall within the definition of the term "teacher" *Page 2 
and therefore will not be entitled to the benefits under La.R.S. 17:45(A). As stated above, La.R.S. 17:45(A) sets forth the requirements for a teacher to be entitled to tenure benefits. In La.R.S. 17:45(A), the term teacher is defined as a person who holds a teacher's certificate and whose legal employment requires certification. School psychologists, social workers, speech therapists and nurses are not entitled to tenure benefits because persons employed in these positions would not meet the requirements set forth in La.R.S. 17:45(A) because these positions do not require an employee to have a teacher's certificate.
Additionally, you asked if an employee such as a school psychologist, social worker, speech therapist, or nurse who is not required to have a teacher's certificate but who does in fact hold a teacher's certificate is entitled to tenure. It is the opinion of this office that an employee of SSD or a BSS who has a position that does not legally require a teacher's certificate is not entitled to tenure even if the employee has a teacher's certificate. These employees would not be entitled to tenure because pursuant to La.R.S. 17:45(A) an employee must be in a position which requires certification under the regulations of the Board of Elementary and Secondary Education ("BESE") or of any certification authority established by law to be eligible for tenure.
You also asked in your opinion request whether the Department of Education ("DOE") or BESE has the authority to grant tenure to employees who are not otherwise entitled.
Based on a review of relevant statutory authority and case law, it appears that an amendment to Title 17 of the Louisiana Revised Statutes is necessary in order to grant tenure to employees who otherwise would not be entitled. La.R.S. 17:6 and 17:7 outline the powers, duties, functions, and responsibilities of BESE. A review of these two statutes finds that there are no provisions which would give BESE the authority to grant tenure to persons not otherwise entitled. Moreover, in 1979 when the Louisiana Legislature enacted La.R.S. 17:45 it was for the purpose of providing protection to teachers in the special school system. La.R.S. 17:43
provides "it is declared to be legislative policy that the special schools [. . . ] shall provide all benefits, privileges, rights and powers as provided for certificated teachers in the public elementary and secondary schools in the interest of statewide uniformity of administration of teacher welfare benefits." [Emphasis added.]
Furthermore, it is important to note that recently a bill before the Louisiana Legislature sought to establish certain rules and policies to be used by local school boards in the dismissal of non-tenured employees. While the specific purpose of this legislation is not relevant to the present analysis, it is important for the general premise that the Louisiana Legislature has the authority to set forth the rules and policies related to employment for public school employees who are not entitled to tenure or who are non-tenured. Thus, BESE or the DOE should contact the *Page 3 
Louisiana Legislature regarding possible amendments to Title 17 of the Louisiana Revised Statues, if they want to grant non-teachers the benefits of tenure.
Additionally, we understand that the contracts that granted tenure to non-teachers have all expired. Therefore, there remains no arguable claim by any non-teacher that he or she was granted tenure by contract. Regardless of the merits (or the lack thereof) of such claims, the fact that those contracts have expired makes them moot.
Therefore, such past contracts will not alter our conclusion. Therefore, it is the opinion of this office that employees of SSD and BSS who are not required to hold a teacher's certificate may not be granted tenure.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 Cherie A. Lato
 Assistant Attorney General